UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT A.Z. DIVINE ALLAH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE ATTORNEY GENERAL, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.   1:11-cv-01897-LJO-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Gift A.Z. Divine Allah ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff initiated this action on November 15, 2011.  (ECF No. 1.)  No other parties have appeared.  Plaintiff's Complaint is now before the Court for screening.

　　　　For the reasons stated below, the Court finds that Plaintiff fails to state a cognizable claim.  He will be given leave to amend.

**I.　　SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ____ U.S. ____, ____, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.  PLAINTIFF'S CLAIMS

Plaintiff, apparently a formerly incarcerated state prisoner, sues the following parties for First Amendment Violations: 1) K. Harris, Attorney General, 2) J. Collier, 3) P. Patterson, 4) B.J. Williams, 5) Region I Parole Agents, 6) Region I Fresno HQ Region Parole Appeals Coordinator, 7) CDCR Correspondence Unit, and 8) Region I Fresno Parole. Plaintiff alleges violations of his rights under the First Amendment.

Plaintiff's allegations are brief but difficult to comprehend. He alleges:

Defendants Region I Fresno Parole and Fresno Staff Prison violated Plaintiff's First Amendment rights when prison officials restricted inmates' access to the Courts. Defendants "hinder[ed] the due dates of every cognizable civil rights complaint." Plaintiff cites to a 2002 memorandum issued by the California Attorney General regarding delays in the CDCR's appeals process. The memorandum discusses how these delays prevented inmates from satisfying the exhaustion requirements of the Prison Litigation Reform Act. Plaintiff himself was not given the chance to exhaust his administrative remedies.

Plaintiff asks for an order to show cause and $100,000 in damages due to discrimination, emotional distress, and medical malpractice.

### III. ANALYSIS

#### A. Section 1983 Claims

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

#### B. Linkage Requirement

As an initial issue, Plaintiff has not stated a claim against any named Defendants because he has not linked any individual Defendant to any violation of his rights.

Under section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948–49.

Plaintiff has not alleged facts from which the Court could determine which Defendant allegedly took what action that violated which of Plaintiff's constitutional rights and when and how each did so. Plaintiff shall be given the opportunity to file an amended

complaint curing the deficiencies in this respect. In his amended complaint, Plaintiff needs to specifically link factually each named Defendants to a violation of his rights.

### C. First Amendment Claim

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977); see also Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999). The right, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. Lewis, 518 U.S. at 356-57. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351.

To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis at 351; Phillips, 588 F.3d at 655. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355.


Here, Plaintiff seems to suggest that all of the named Defendants participated in a system which delayed the processing of administrative appeals and prevented Plaintiff from exhausting his administrative remedies and, hence, from timely filing a civil rights action. Plaintiff has, however, failed to allege any specific action attributable to any Defendant which foreclosed his ability to file a civil rights action in Court. It is not enough to say the system was slow and claim the slowness prevented Plaintiff from instituting litigation. Plaintiff must set forth sufficient facts to enable the Court to determine if he was in fact denied a constitutional right as a result.

Plaintiff will be given leave to amend. In his amended complaint, Plaintiff must describe precisely what action kept him from filing what kind of Court suit and include dates from which the Court can determine when the action became foreclosed and why.

### C. Claims Against CDCR

Plaintiff alleges that Defendant CDCR Correspondence Unit and Region I Fresno Parole prevented him from timely filing his civil rights claims by failing to process his administrative appeals.

However, the Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Defendants CDCR Correspondence Unit and Region I Fresno Parole are state agencies, and as state agencies, they are entitled to Eleventh Amendment immunity from suit. Because these Defendants are immune from suit, Plaintiff cannot recover from them.

If Plaintiff chooses to file an amended complaint, he should omit CDCR Correspondence Unit and Region I Fresno Parole as Defendants.

### IV. CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under

§ 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed November 15, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   April 26, 2012              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE