UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFT A.Z. DIVINE ALLAH,<br><br>            Plaintiff,<br><br>     v.<br><br>STATE ATTORNEY GENERAL, et al.,<br><br>            Defendants.<br>_____/ | 1:11-cv-01897-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>(ECF No. 13)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Gift A.Z. Divine Allah ("Plaintiff") is a former state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

On June 28, 2012, the Court issued an Order to Show Cause, ordering Plaintiff to file an amended complaint by July 12, 2012. (ECF No. 13.) In the alternative, Plaintiff was to show cause as to why his case should not be dismissed for failure to comply with a court order and failure to state a claim. (Id.) July 12, 2012, has passed without Plaintiff complying with or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

1    inherent power to control their dockets and "in the exercise of that power, they may
2    impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
3    Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
4    prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
5    or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
6    Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
7    1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
8    amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9    (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
10   apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
11   (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
12   1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
13   rules).

14          In determining whether to dismiss an action for lack of prosecution, failure to obey
15   a Court order, or failure to comply with local rules, the Court must consider several
16   factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need
17   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
18   favoring disposition of cases on their merits; and (5) the availability of less drastic
19   alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
20   F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

21          In the instant case, the Court finds that the public's interest in expeditiously
22   resolving this litigation and the Court's interest in managing the docket weigh in favor of
23   dismissal.  The third factor, risk of prejudice to the defendant, also weighs in favor of
24   dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
25   in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
26   fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
27   outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's
28   warning to a party that his failure to obey the court's order will result in dismissal satisfies

the "consideration of alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's Order expressly stated: "Failure to meet this deadline will result in dismissal of this action." (Order, ECF No. 13.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, the Court RECOMMENDS that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983 and failure to obey the Court's June 28, 2012, Order (ECF No. 13). The Court also RECOMMENDS that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Vittorio</u>, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 3, 2012          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE